

FILED
2021 Oct-19 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:20-cv-01308-LSC<br>)<br>) |
| ROBERT J. GUY, DEBORAH H. KORNEGAY, and KAREN L. STANALAND | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

### MEMORANDUM OF OPINION

Plaintiff Metropolitan Life Insurance Company ("MetLife" or "Plaintiff") brought a Complaint in Interpleader (Doc. 1) against Defendants Robert J. Guy ("Guy"), Deborah H. Kornegay ("Kornegay"), and Karen L. Stanaland ("Stanaland") (collectively, "Defendants"). Before the Court is Plaintiff's and Defendants' Joint Motion for Dismissal of Stanaland, and Entry of Consent Order of Disbursement, Injunction, and Dismissal. (Doc. 13.) For the reasons stated below, the joint motion is due to be GRANTED in part and DENIED in part.

### I. BACKGROUND

William Guy ("Decedent") was a retiree of Southern Company Services, Inc. and Associated or Affiliated Companies (the "Company") and was a participant in

the Retiree Group Life Insurance Plan (the "Plan") for the Company. (Doc. 1.) The Plan is an employee welfare benefit plan sponsored by the Company, funded by a group life insurance policy issued by MetLife, and regulated by the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.*) The policy is valued at $47,900 (the "Plan Benefits"). (*Id.*) The most recent beneficiary designation for the Decedent, dated September 9, 2019, names Guy, Kornegay, and Stanaland as equal-share beneficiaries. (*Id.*) The next prior beneficiary designation is dated May 5, 2016, and names Kornegay as a primary beneficiary to receive one hundred percent (100%) of the Plan Benefits; Guy is named as a contingent beneficiary to receive one hundred percent (100%) of the Plan Benefits. (*Id.*)

On October 1, 2019, the Decedent died at the age of 93. (*Id.*) Approximately four months later, in early February of 2020, MetLife received benefits claims from the Defendants. (*Id.*) In addition to submitting a benefits claim, Kornegay notified MetLife of her intent to challenge Stanaland's claim to the Plan Benefits. (*Id.*) On April 1, 2020, MetLife distributed $15,966.66 of the Plan Benefits to Kornegay, which represents the undisputed portion of her share of the Plan Benefits. (*Id.*) After failed settlement negotiations among the Defendants, MetLife filed this Complaint in Interpleader (Doc. 1) on September 2, 2020, to resolve the Defendants' dispute regarding proper distribution of the remaining Plan Benefits.

Guy and Kornegay filed a timely answer to MetLife's complaint on September 28, 2020, alleging that Stanaland fraudulently induced the Decedent to name Stanaland as a designated beneficiary to the Plan. (Doc. 6.) Guy and Kornegay requested the Court to order distribution of the remaining Plan Benefits as follows: $23,950.00 to Guy, plus any applicable interest due and owing (representing his fifty percent (50%) share); and $7,983.94 to Kornegay, plus any applicable interest due and owing (representing the remainder of her fifty percent (50%) share). (*Id.*) In the alternative, Guy and Kornegay requested the Court to order all remaining Plan Benefits, plus any applicable interest due and owing, be paid to Kornegay consistent with the beneficiary designation of May 5, 2016. (*Id.*)

Stanaland never filed an answer to MetLife's Complaint in Interpleader. On or about November 6, 2020, MetLife received notification from Stanaland's brother that Stanaland died on October 17, 2020. (Doc. 12-1.) MetLife filed a Suggestion of Death of Stanaland (Doc. 12) on April 4, 2021. No representative has moved to substitute for Stanaland or asserted a claim to the Plan Benefits in her stead. (Doc. 13.) Charles Rittlinger, Stanaland's son and next of kin, affirmed that Stanaland has no Estate or will, was unmarried at the time of her death, and that Rittlinger has authority to renounce and disclaim any claim to the Plan Benefits that might be had by or on behalf of Stanaland. (Doc. 13-1.) Rittlinger renounced and disclaimed any

and all such claims to the Plan Benefits that MetLife might otherwise have paid to Stanaland with the understanding that MetLife would distribute Stanaland's claimed share of the Plan Benefits equally between Guy and Kornegay. (*Id.*) In exchange for Rittlinger's agreed release of claims, MetLife agreed to dismiss this interpleader lawsuit. (*Id.*)

Plaintiff MetLife subsequently and jointly filed this Motion for Dismissal and Order for Relief (Doc. 13) with the consent of Guy and Kornegay on June 16, 2021. In their joint motion, the parties request: (1) dismissal with prejudice of Stanaland; (2) that MetLife be required to pay the remaining Plan Benefits of $31.933.34, plus interest, to the attorneys for Guy and Kornegay to be distributed between Guy and Kornegay in a manner consistent with previously described disbursement requests; (3) that Defendants be enjoined from making any future claim against MetLife or the Plan for recovery of the Plan Benefits; and (4) dismissal of the present case with prejudice with the parties bearing their own costs and attorney fees. (Doc. 13.)

## II. DISCUSSION

MetLife, joined by Guy and Kornegay, moves the Court to dismiss Defendant Stanaland, enter a consent order of disbursement of the Plan Benefits, and enjoin Defendants from instituting future actions against MetLife, the Company, or the Plan for recovery of the Plan Benefits. For the reasons stated below, the request for

dismissal of Stanaland is due to be granted, the requests for injunction are due to be denied, and the requests for consent of disbursement and dismissal of the present action are due to be granted.

### A. Dismissal of Defendant Stanaland

This case arises out of a dispute between the interplead parties regarding the proper allocation of the benefits of a life insurance policy. The crux of the dispute is whether Defendant Stanaland has a rightful claim to the Plan Benefits. Stanaland died on October 17, 2020, before resolution of the dispute. (Doc. 12-1.) Counsel for MetLife was notified of Stanaland's death by Stanaland's brother, who also provided MetLife with a Certificate of Death. (*Id.*)

Federal Rule of Civil Procedure 25 allows for substitution when a party dies. The rule further states: "If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). MetLife filed a Suggestion of Death of Interpleader Defendant Karen L. Stanaland on April 2, 2021. Ninety (90) days have since passed, and no substitutions for Stanaland have been offered. Accordingly, dismissal of Stanaland from the present action is required by Rule 25. Furthermore, Stanaland died with no estate and no will, leaving her son Charles Rittlinger as her next of kin. (*See* Doc. 12; *see also* Doc. 13-1 at 3.) On June 4, 2021, Charles Rittlinger

renounced and relinquished all claims to the Plan Benefits in exchange for MetLife's dismissal of the present action. (*Id.*) Thus, dismissal of Stanaland from the present action is due to be granted.

### B. Subject-Matter Jurisdiction

The parties have jointly moved the Court to dismiss Defendant Stanaland from the present action, a request due to be granted by this Court. However, the Court must ensure jurisdiction remains proper after the dismissal of Stanaland before taking any further action. Diversity jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy exceeding the sum or value of $75,000. Because total benefits claimed and payable under the plan are limited to $47,900.00, this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332.

Statutory interpleader claims under 28 U.S.C. § 1335 provide district courts with jurisdiction over interpleader claims related to an amount in custody as low as $500. However, such claims must be between two or more "adverse claimants" of diverse citizenship. 28 U.S.C. § 1335(a)(1). Without Stanaland, Guy and Kornegay will be left as the only "adverse claimants" to the Plan Benefits. Because Guy and Kornegay are both citizens of Alabama, the required diversity of citizenship for an interpleader action under 28 U.S.C. § 1335 will not exist after Stanaland's dismissal. Thus, the present action may not proceed under 28 U.S.C. § 1335. Nonetheless, this

Court has original jurisdiction over this ERISA action pursuant to 29 U.S.C. § 1132(e)(1). Jurisdiction over such an action is "without respect to the amount in controversy or the citizenship of the parties." 29 U.S.C. § 1132(f). Defendants were properly joined and required to interplead pursuant to Rule 22 of the Federal Rules of Civil Procedure. Thus, the Court maintains jurisdiction over this rule-based interpleader action and proceeds accordingly.

### C. Remedy

The Court's power to issue the injunctions requested by MetLife would be clear if this action were to proceed as a statutory interpleader claim under 28 U.S.C. § 1335. 28 U.S.C. § 2361 expressly grants district courts the power to restrain claimants from instituting any proceeding in any state or United States court affecting the property involved in an interpleader action under 28 U.S.C. § 1335. However, Stanaland's dismissal prevents this action from proceeding under 28 U.S.C. § 1335, as discussed above. Therefore, this action must proceed as a rule-based interpleader action and is not governed by 28 U.S.C. § 2361. *See Boston Old Colony Ins. Co. v. Balbin,* 591 F.2d 1040, 1042 n. 5 (5th Cir.1979) (noting that § 2361 "expressly refers to § 1335 and does not mention either the diversity statute or Rule 22"); *Harris Corp. v. Dunn,* 2006 WL 2691541, at *3 (M.D.Fla. Aug.25, 2006) (holding that Section 2361 "is not available as a basis for an injunction in a Rule 22

case"); *Truck-A-Tune, Inc. v. Re,* 856 F.Supp. 77, 82 n. 9 (D. Conn. 1993) ("Section 2361 is inapplicable to actions brought solely under Rule 22."); 7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1717 ("Section 2361 only authorizes injunctions against other judicial proceedings in statutory-interpleader actions; it does not apply to rule interpleader.").

In the context of a rule-based interpleader action, a court of the United States may grant an injunction to stay proceedings in a state court "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Having agreed to the proposed terms of disbursement, Guy and Kornegay have forfeited any future claims against MetLife and the Company related to recovery of the Plan Benefits. Stanaland's next of kin, Charles Rittlinger, has voluntarily relinquished any claims related to recovery of the Plan Benefits. It is not clear, nor has MetLife made any showing, that injunctive relief is necessary to protect or effectuate the Court's judgments in the present action. *See generally BBVA USA Bancshares, Inc. v. Bandy*, No. 2:19-CV-01548-SGC, 2020 WL 3104594, at *3 (N.D. Ala. June 11, 2020) (declining to issue injunction in a rule interpleader action where the plaintiff had not shown that the injunctive relief sought would be necessary for jurisdictional or other purposes). Further, the substance of the injunctive relief

sought would seemingly be covered by the principle of *res judicata*. Thus, the Court declines to issue the requested injunctions.

The final issue is the distribution of the Plan Benefits between Guy and Kornegay. As Guy and Kornegay have agreed amongst themselves how to distribute the remaining Plan Benefits, the Court finds no reason to alter their agreement. As set forth in the Joint Motion for Entry of Consent Order of Disbursement (Doc. 13), Guy is to receive $23,950.000 (plus applicable interest) of the Plan Benefits, with Kornegay to receive the remaining $7,983.34 (plus applicable interest).

## III. Conclusion

For the reasons stated above, Plaintiff's and Defendants' Joint Motion for Dismissal of Stanaland, Entry of Consent Order of Disbursement, and Dismissal (doc. 13) is due to be GRANTED IN PART and DENIED IN PART. Defendant Stanaland is due to be DISMISSED from the present action. MetLife is hereby ORDERED to pay the remaining Plan Benefits of $31,933.34, plus interest accrued, to Wallace, Jordan, Ratliff & Brandt, LLC, as attorneys for Robert J. Guy and Deborah N. Kornegay, for distribution as follows: $23,950.000 (plus applicable interest) to Robert J. Guy; $7,983.34 (plus applicable interest) to Deborah N. Kornegay. Accordingly, the present action is due to be DISMISSED WITH

PREJUDICE. An Order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on October 19, 2021.

_____
L. Scott Coogler
United States District Judge

206770